## ALTON TREADWAY, ALIAS SPEEDIE TREADWAY, ALIAS BLACKIE TREADWAY, V. THE STATE.

No. 19147. Delivered October 20, 1937.
Rehearing Denied (Without Written Opinion) December 22, 1937.

The opinion states the case.

*Margaret Waters,* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for burglary; penalty assessed at confinement in the penitentiary for seven years.

The indictment alleges that Alton Treadway, alias Speedie Treadway, alias Blackie Treadway, Tommie Cummings, James Douglas, alias Red Douglas, and Charles Scott Dickerson burglarized the premises of W. S. Birdwell.

In the charge of the trial court it is made to appear that the appellants named pleaded guilty to the offense charged in the indictment. In such cases the purpose of the reception of evidence is to give the jury information by which they may be able to measure the penalty to be assessed.

The State's testimony is to the effect that W. S. Birdwell owned and operated a general merchandise store at Buda, Texas; that his store was burglarized on the night of December 25, 1936, and articles were taken therefrom amounting to the value of $282.00. Some of the articles were later recovered at Austin from the sheriff of Travis County.

A deputy sheriff of Travis County testified that he knew the four defendants charged with the burglary of the Birdwell store; that he later arrested them. After their arrest, the appellants Dickerson and Cummings each made a voluntary written statement admitting their connection with the burglary in question. As a result of the confessions mentioned, part of the stolen property was recovered. Some of it was found in the possession of the appellant Treadway.

The appellants Cummings, Douglass and Dickerson testified upon the trial and admitted the burglary of the Birdwell store. They also implicated Treadway in the commission of the offense.

No complaints of the rulings of the trial court have been presented by bills of exception or otherwise.

In the brief of counsel for the appellant Treadway, it is contended that the indictment found in the transcript in the instant case is not the indictment which was read to the jury and to which the appellant plead guilty. It is insisted that witnesses upon the trial stated that they had heard the indictment read and that the stolen articles were listed in the indictment. Attached to the appellant's brief is a certified copy of the indictment in cause No. 3646, filed in the District Court of Hays

County, charging the appellant and his co-indictees with the offense of theft of property over the value of $50.00, which indictment sets out the articles which were taken from the Birdwell store. The indictment in the present appeal (which is cause No. 3647) charges the offense of burglary, to which the appellant entered a plea of guilty.

The procedure followed by appellant's counsel seems to be a collateral attack upon the record. "As a general rule, the appellate court is bound by the record on appeal, and will consider only such matters and facts as appear therein." 4 Tex. Jur., p. 177, sec. 127. "The record may not be contradicted, impeached, changed or amended by ex parte affidavits, except where the jurisdiction of the appellate court, is involved." 4 Tex. Jur., p. 469, sec. 327.

The evidence introduced upon the trial is deemed quite sufficient to support the conviction.

No error having been perceived justifying a reversal, the judgment of the trial court is affirmed.

*Affirmed.*